G. W. WARD, Administrator of DANIEL BAILEY v. JULIA A. BAILEY.

*Marriage, When Void—Death of One of the Parties to Unlawful Marriage—Dower, Right of.*

1. To bring a case of unlawful marriage within the proviso to section 1810 of *The Code* which prevents the courts from declaring a marriage void (except for bigamy, &c.,) it must be shown not only that one of the parties is dead but that cohabitation and the birth of issue followed the unlawful marriage.

2. The fact that a presumption which had arisen of the death of a
   woman's husband shields her from prosecution for bigamy
   upon marrying another, does not render the last marriage
   any the less bigamous or void if the first husband be, in
   fact, alive, nor is she entitled to any of the rights of widow-
   hood under the second and unlawful marriage.

CIVIL ACTION, for the recovery of personal property in possession of the defendant and alleged to belong to the plaintiff's intestate, tried before *Green, J.*, and a jury, at Fall Term, 1895, of PASQUOTANK Superior Court. The issues submitted to the jury were, 1st, whether the plaintiff was the owner and entitled to the possession of the property described in the complaint; and, 2nd, as to the value of the property.

It was admitted, 1st. That David Allen and the defendant intermarried on March 12, 1859; 2d. Daniel Dailey, plaintiff's intestate, and the defendant were married April 3d, 1870. Dr. W. J. Lumsden, a witness for the plaintiff, testified that he knew David Allen and that he had seen him in the town of Elizabeth City, N. C., since the year 1874.

Col. A. L. Jones, also a witness for the plaintiff, testified that he had seen David Allen in the town of Elizabeth City, N. C., since the marriage of the defendant with plaintiff's intestate.

The defendant, on her own behalf, was then introduced and testified that she knew plaintiff's intestate long before her marriage to him on April 3, 1870, and that his former wife had died before that date, and that he had no other wife living at the time of her marriage to him.

That her former husband, David Allen, left her in August or September, 1860, and that she heard nothing from him directly or indirectly until after her marriage with Dailey. That she had never seen him nor received any assistance or support from him since the day he left her.

Defendant then introduced the plaintiff as a witness on her behalf and asked him the following question :

" Have you sufficient money in hand belonging to the estate of your intestate to pay debts against this estate, and the expenses of administration and the costs of this suit in the event it should be determined against you, outside of the property in controversy in this action ? "

Question objected to by plaintiff.  Objection overruled and plaintiff excepted.

Plaintiff answered : " Yes."

Defendant next introduced records of superior court, showing that the property in controversy had been assigned to her as a part of her year's provision.

At this juncture the court stated to counsel that he should charge the jury, if they should find from the evidence that Allen was living at the time of defendant's intermarriage with plaintiff's intestate, and that he had been continuously absent from her the space of seven years then last past, and that she did not know him to have been living within that time, they should answer the first issue, " No."

Whereupon plaintiff submitted to a non-suit and appealed.

*Mr. E. F. Aydlett*, for plaintiff (appellant).
*Mr. J. Haywood Sawyer*, for defendant.

AVERY, J.:  The marriage of the plaintiff's intestate with the defendant, she having a husband " living at the time," was, under the plain provision of *The Code*, Section 1810, not merely voidable but void, when the rites were performed and the parties undertook to contract in 1870, notwithstanding the fact that the presumption had arisen that the former husband was dead.  But plaintiff's intestate being now dead, it was contended that the courts are

now prohibited, under the proviso, from formally declaring the contract null.  In order, however, to bring the case within the prohibition, it is not sufficient to show simply that one of the parties has died, but it must appear further that issue was born during the cohabitation.  The latter requirement is not met by the proof; indeed, it is admitted that there was no issue of the bigamous marriage.

We are not at liberty, therefore, to enter upon the discussion of the doctrine upon which counsel for defendant rested his argument.  Whatever might otherwise have been the effect of the presumption of the husband's death, the facts bring this case within the language of the law referred to, but fail to bring it within the exception. Technically, the marriage was none the less a bigamous one because the statute shielded the defendant from prosecution.  After the presumption of the husband's death had been rebutted by proof that he was in fact alive, while the law protected her from the prosecution and punishment to which she might otherwise have been liable, it could not be construed consistently with the provisions of the other statute, rendering the marriage void, to give her any of the rights incident to widowhood.

There was error in the ruling of the court below.  The judgment of non-suit is vacated and a new trial granted.

New Trial.